**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SHANA MITCHELL,                           )
                                          )
        Plaintiff,                )
                                          )
                                          ) Case No. CIV-19-335-JFH-KEW
                                          )
COMMISSIONER OF THE SOCIAL                )
SECURITY ADMINISTRATION,                  )
                                          )
        Defendant.                )

**REPORT AND RECOMMENDATION**

Plaintiff Shana Mitchell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 33 years old at the time of the ALJ's most recent decision. She has a limited education and no past relevant work. She alleges an inability to work beginning on April 26, 2012, due to limitations resulting from affective disorder, bipolar disorder, and anxiety disorder.

## Procedural History

On April 26, 2012, Claimant protectively filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. Her application was denied initially and upon reconsideration. After a hearing, ALJ B.D. Crutchfield entered an unfavorable decision on July 25, 2014. Claimant appealed the matter, and the case was

reversed and remanded by United States Magistrate Judge Steven P. Shreder on March 21, 2017. On May 23, 2018, the Appeals Council remanded the case pursuant to the Court's order.

On May 21, 2019, ALJ Edward M. Starr conducted a hearing from Fort Smith, Arkansas, at which Claimant testified. On August 2, 2019, he entered an unfavorable decision. For purposes of appeal, the ALJ's decision represents the Commissioner's final decision. 20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform work at all exertional levels, with additional nonexertional limitations.

### Errors Alleged for Review

Claimant's sole allegation of error is that the ALJ failed to follow Magistrate Judge Shreder's remand order and properly consider the opinion of consulting examiner, Kenneth Paris, Ph.D.

### RFC Determination

In his decision, the ALJ found Claimant suffered from severe impairments of affective disorder, bipolar disorder, and anxiety disorder. (Tr. 686). He determined Claimant could perform a full range of work at all exertional levels, but she was limited to simple, routine, and repetitive tasks. Claimant could occasionally

4

interact with co-workers and supervisors, but she could not interact with the general public. She could respond to supervision that was simple, direct, and concrete. (Tr. 687).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of hand packager, power screwdriver operator, and toy stuffer, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 698, 700). As a result, the ALJ concluded Claimant was not under a disability since April 26, 2012, the date the application was filed. (Tr. 700).

Claimant alleges the ALJ failed to follow Magistrate Judge Shreder's remand order as it pertained to "weighing and considering" the findings by Dr. Paris. Specifically, Claimant contends the ALJ improperly discounted Dr. Paris's opinion that "[f]rom a psychological standpoint, based on [Claimant's] reported symptoms, history, and performance on this exam, her ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be below average." (Tr. 462).

In the Opinion and Order reversing and remanding the case, Magistrate Judge Shreder made the following determination regarding the prior ALJ's analysis of Dr. Paris's examination of Claimant:

5

> Here, the ALJ provided a summary of Dr. Paris's consultative examination, but failed to conduct the proper analysis and did not specify how the exam did or did not support the assigned RFC. This was important to do because Dr. Paris specifically pointed out concerns related to the claimant's ability to perform in a work setting (which tended to support at least some of Ms. Fulton's assessment). *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of disability."). Nor did the ALJ provide any such explanation for why she ignored this opinion. Instead, she adopted the reviewing physician's reports, which ignored the most concerning part of Dr. Paris's assessment related to her ability to perform in a work setting, without explanation.

(Tr. 767-68).

Based on Magistrate Judge Shreder's order, the ALJ was to "conform [the] further proceedings in the case to the principles set forth in the judicial decision[.]" *Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir. 2009). "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984).

In addition to the other evidence in the record, the ALJ discussed in detail Claimant's mental status/diagnostic evaluation

6

with Dr. Paris from June 20, 2012. (Tr. 693-94). He specifically discussed the portion of Dr. Paris's opinion referenced by Magistrate Judge Shreder in the Opinion and Order remanding the case:

> Moreover, from a psychological standpoint, Dr. Paris opined that based on her reported symptoms, history, and performance on this exam, her ability to perform adequately in most job situations, handle the stress of a work setting, and deal with supervisors or co-workers was estimated to be below average, while her judgment, based on her overall cognitive level, her ability to think abstractly, and her ability to function appropriately socially and emotionally, was estimated to be adequate. Further, the claimant demonstrated no indication of an organic mental impairment beyond the disorders previously reported.

(Tr. 694).

Unlike the prior ALJ, ALJ Starr analyzed Dr. Paris's opinions and explained how they influenced Claimant's RFC assessment. The ALJ made the following findings in the decision pertinent to Dr. Paris's opinions:

> The undersigned has considered the opinions of Drs. Paris in 2012 and Graybill in 2016, as well as the findings of Ms. Fulton in 2014, Ms. Childs in 2017, Ms. Murphy in 2019, and Ms. Rusk in 2019, and given the findings of Drs. Paris and Graybill great weight, as they documented over time that the claimant was able to function adequately to perform unskilled work. Notably, Dr. Paris found the claimant functioned in the average range and performed in the average range in concentration and immediate recall. Therefore, although he stated the claimant would perform in the below average range in most job situations, handling the stress of work settings and dealing with co-workers or supervisors, the doctor also found while her judgment, based on her overall cognitive level, her ability to think abstractly, and her ability to function

>appropriately socially and emotionally, was estimated to be adequate. The undersigned considered Dr. Paris' findings in the RFC, by finding the claimant retained only the ability to work unskilled jobs with limited interpersonal contact.

(Tr. 695-96).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R. 96-8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id*. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Pursuant to the remand order, the ALJ considered Dr. Paris's opinions, including his opinion that "[f]rom a psychological standpoint, based on [Claimant's] reported symptoms, history, and performance on this exam, her ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be below average." (Tr. 462, 694-96). The ALJ took such findings into account, along with Dr. Paris's other findings, and he determined Claimant "retained only the ability to work unskilled jobs with limited interpersonal contact." (Tr. 695-96). There is no error in the ALJ's consideration of Dr. Paris's opinions in his assessment of Claimant's RFC.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of February, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

10